UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS RAMIREZ (2),<br><br>Defendant. | Case No. 22CR2185-BAS<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title, and interest in specific properties of Defendant LUIS RAMIREZ ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(1) as any property, real and personal, involved in such offense in violation of Title 18, United States Code, Section 1956(h) and any property traceable to such property, as charged in Count 1 of the Indictment, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) as any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1951(a), as charged in Count 2 of the Indictment; and

WHEREAS, on December 19, 2023, Defendant pled guilty before Magistrate Judge Michael S. Berg to Counts 1 and 2 of the Indictment, and consent to the forfeiture of all properties seized in connection with the case, including but not limited to, entry of a forfeiture money judgment to the United States in the amount of $50,000.00 in

U.S. dollars as proceeds traceable to the offenses set forth in Counts 1 and 2, which forfeiture shall be included and incorporated as part of the judgment in this case, and the following specific properties, which Defendant agrees are forfeitable to the United States pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c):

   a. $179,000.00 in funds from Bank Account #xxxxxxxx2434 held in the name of Tia Aeronautics, Inc. at Bank of America, La Jolla, CA; and,
   b. $100,040.00 U.S. Currency from the person and personal belongings of Ricardo Torres; and,
   c. $36,041.25 in funds from Bank Account #xxxxx8661 in the name of Rivera Produce LLC at JPMorgan Chase Bank, San Diego, California; and,
   d. $43,435.65 in funds from Bank Account #xxxxx8761 in the name of Catalytic Junk LLC at JPMorgan Chase Bank, San Diego, California; and,
   e. $99,976.35 in funds from Bank Account # xxxxxxxx9521 held in the name of Reyes Metal Salvage LLC at Bank of America, La Jolla, California;
   f. $132,281.85 in funds from Bank Account #xxxxxx1980 held in the name of HFMV LLC at Wells Fargo Bank, San Diego, CA; and,
   g. $30,368.44 in funds from Bank Account #xxxxxx6649 held in the name of La Gerencia LLC at Wells Fargo Bank, San Diego, CA; and,
   h. Wire Transfer for $225,000.00 from Bank of Oklahoma Acct. #xxxxx4642; and,

WHEREAS, on, January 11, 2024, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and money judgment and the offenses of conviction; and,

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States may take actions to collect the forfeiture money judgment; and

WHEREAS, on or about December 4, 2021, the following property was administratively forfeited in the Southern District of California by the Federal Bureau of Investigation ("FBI") after direct notice, published notice, and no claims having been made by any person or entity:

 a. $179,000.00 in funds from Bank Account #xxxxxxxx2434 held in the name of Tia Aeronautics, Inc. at Bank of America, La Jolla, CA; and

WHEREAS, on or about March 04, 2022, the following property was administratively forfeited in the Southern District of California by the FBI:

 b. $100,040.00 U.S. Currency from the person and personal belongings of Ricardo Torres; and,

WHEREAS, on or about March 07, 2022, the following properties were administratively forfeited in the Southern District of California by the FBI:

 c. $36,041.25 in funds from Bank Account #xxxxx8661 in the name of Rivera Produce LLC at JPMorgan Chase Bank, San Diego, California; and,

 d. $43,435.65 in funds from Bank Account #xxxxx8761 in the name of Catalytic Junk LLC at JPMorgan Chase Bank, San Diego, California; and,

WHEREAS, on or about April 07, 2022, the following property was administratively forfeited in the Southern District of California by the FBI:

 e. $99,976.35 in funds from Bank Account #xxxxxxxx9521 held in the name of Reyes Metal Salvage LLC at Bank of America, La Jolla, California; and

WHEREAS, on or about June 30, 2022, the following property was administratively forfeited in the Southern District of California by the FBI:

 f. $132,281.85 in funds from Bank Account #xxxxxx1980 held in the name of HFMV LLC at Wells Fargo Bank, San Diego, CA; and,

1 | WHEREAS, on or about April 24, 2023, the following property was
2 | administratively forfeited in the Southern District of California by the FBI:

3 |     g. $30,368.44 in funds from Bank Account #xxxxxx6649 held in the name of
4 |         La Gerencia LLC at Wells Fargo Bank, San Diego, CA; and,

5 | WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
6 | authority to take custody of the above-referenced specific properties which are hereby
7 | found forfeitable by the Court; and

8 | WHEREAS, the United States, having submitted this Order to the Defendant
9 | through her attorney of record, to review, and no objections having been received;

10 | Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

11 |     1. Based on the guilty pleas of the Defendant to Counts 1 and 2 of the
12 | Indictment, the United States is hereby authorized to take custody and control of the
13 | following specific property, and all right, title, and interest of Defendant LUIS
14 | RAMIREZ in the following property is hereby forfeited to the United States pursuant
15 | to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), and Title 28,
16 | United States Code, Section 2461(c), for disposition in accordance with the law,
17 | subject to the provisions of Title 21, United States Code, Section 853(n):

18 |     h. Wire Transfer for $225,000.00 from Bank of Oklahoma Acct.
19 | #xxxxx4642.

20 |     2. The forfeited asset is to be held by the Drug Enforcement Administration
21 | in its secure custody and control.

22 |     3. The Court reaffirms the completed administrative forfeiture proceedings
23 | as to the following assets and therefore no ancillary proceedings or further forfeiture
24 | actions are required for these assets:

25 |     a. $179,000.00 in funds from Bank Account #xxxxxxxx2434 held in the name
26 |         of Tia Aeronautics, Inc. at Bank of America, La Jolla, CA; and,

27 |     b. $100,040.00 U.S. Currency from the person and personal belongings of
28 |         Ricardo Torres; and,

     c. $36,041.25 in funds from Bank Account #xxxxx8661 in the name of Rivera Produce LLC at JPMorgan Chase Bank, San Diego, California; and,

     d. $43,435.65 in funds from Bank Account #xxxxx8761 in the name of Catalytic Junk LLC at JPMorgan Chase Bank, San Diego, California; and,

     e. $99,976.35 in funds from Bank Account # xxxxxxxx9521 held in the name of Reyes Metal Salvage LLC at Bank of America, La Jolla, California;

     f. $132,281.85 in funds from Bank Account #xxxxxx1980 held in the name of HFMV LLC at Wells Fargo Bank, San Diego, CA; and,

     g. $30,368.44 in funds from Bank Account #xxxxxx6649 held in the name of La Gerencia LLC at Wells Fargo Bank, San Diego, CA; and,

4. Based on the guilty pleas to Counts 1 and 2 of the Indictment, Defendant LUIS RAMIREZ shall forfeit to the United States the sum of $50,000.00 in the form of a personal forfeiture money judgment against him pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) representing a portion of the property involved in Count 1 and representing a portion of the proceeds he received from his involvement in the offense set forth in Count 2. The forfeiture money judgment is in favor of the United States against Defendant LUIS RAMIREZ, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture money judgment and collecting and enforcing it; and

6. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

7. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

8. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary

hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

9.  Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

10. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

11. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

12. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

- 6 -                                                             22CR2185

13. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: April 17, 2024

_____
Honorable Cynthia Bashant
United States District Judge